IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BEVERLY W. ROSS, | ) |
|     Petitioner, | ) ) ) |
| v. | )   Case No. 20-CV-0396-JED-CDL |
| LUKE PETTIGREW, | ) ) ) |
|     Respondent. | ) |

### AMENDED OPINION AND ORDER[*]

Petitioner Beverly Ross, a state inmate appearing *pro se*,[1] seeks federal habeas relief, through a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1), from the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2004-5392. Respondent Luke Pettigrew moves to dismiss the petition, alleging that Ross failed to file it within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations, and, in the alternative, that Ross failed to exhaust available state remedies before filing the petition, as required by 28 U.S.C. § 2254(b)(1)(A). Having considered the petition, Pettigrew's motion to dismiss (Doc. 9) and brief in support (Doc. 10), and Ross's response (Doc. 12) in opposition to the motion, the Court grants Pettigrew's motion, dismisses the petition, with prejudice, as barred by the one-year statute of

---

[*] This amended opinion and order supersedes and replaces the opinion and order (Doc. 13) filed April 8, 2021, to correct a misstatement in the decretal portion of the original opinion and order identifying the alternative grounds for dismissal. The judgment (Doc. 14) filed April 8, 2021, correctly identifies the alternative grounds for dismissal and remains in force.

[1] Because Ross appears without counsel, the Court must liberally construe his petition and response. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the rule of liberal construction neither requires nor permits the Court to act as Ross's advocate by crafting legal arguments on his behalf or scouring the record for facts to support his claims. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

limitations and, in the alternative, dismisses the petition for failure to exhaust available state remedies.

I.

In 2004, the State of Oklahoma charged Ross, in Tulsa County District Court Case No. CF-2004-5392, with one count of first-degree rape and one count of first-degree burglary. Doc. 10-2, at 3.[2] Following a preliminary hearing in May 2006, the trial court dismissed the burglary charge. Doc. 10-2, at 3, 5. On November 27, 2006, Ross, represented by counsel, pleaded guilty to, and was convicted of, first-degree rape. Doc. 10-2, at 9. Pursuant to a plea agreement, the trial court imposed a 20-year sentence, with all but five years to be served in prison, and ordered the sentence to be served consecutively to a sentence imposed against Ross in the District Court of Stephen County, Case No. CF-2004-334. Doc. 10-1, at 1; Doc. 10-2, at 9. Ross did not move to withdraw his plea or seek direct review of his judgment and sentence by filing a certiorari appeal with the Oklahoma Court of Criminal Appeals (OCCA). Doc. 1, Pet., at 2-3; Doc. 10-2, at 11. In addition, Ross did not seek postconviction relief in state district court. Doc. 1 Pet., generally; Doc. 10-2, at 11. Ross filed the instant federal habeas petition on August 4, 2020. Doc. 1, Pet., at 18.[3]

II.

Ross identifies three grounds for federal habeas relief. In ground one, he alleges a due-process violation, claiming the State of Oklahoma lacked jurisdiction over his criminal

---

[2] The Court's citations refer to the CM/ECF header pagination.

[3] The Clerk of Court received the petition on August 10, 2020. Doc. 1, Pet., at 1. But Ross declares, under penalty of perjury, that he placed the petition in the prison's legal mail system, postage prepaid, on August 4, 2020, and the corresponding envelope bears a "legal mail" stamp with that same date. Doc. 1, Pet., at 18, 19. Applying the prison mailbox rule, the Court thus deems the petition filed on August 4, 2020. *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005); Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

prosecution, in light of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), because he committed his crime of conviction in Indian country and was thus subject to federal prosecution under the Major Crimes Act, 18 U.S.C. § 1153. Doc. 1, Pet., at 4, 16, 18. In ground two, he alleges trial counsel performed deficiently and prejudicially, in violation of his Sixth Amendment right to the effective assistance of counsel, by failing to argue that the State lacked jurisdiction over his criminal prosecution. Doc. 1, Pet., at 5-6. In ground three, he alleges that because "the federal government still has exclusive jurisdiction over Indian country located within Oklahoma boundaries," he either has been or will be "prosecuted or sentenced twice for substantially the same offense," in violation of his Fifth Amendment right to be free from double jeopardy. Doc. 1, Pet., at 7.

Ross further alleges that all three grounds for relief are based on "newly discovered evidence" and he states that he has not presented any of these claims in state court either on direct appeal or through postconviction proceedings. Doc. 1, Pet., at 4-7. In response to a specific question in the petition asking whether Ross presented all grounds for relief to the highest state court, Ross states, "No," and explains: "We are just now presenting them after hearing about the recent Supreme Court rulings and learning from the Supreme Court the State of Oklahoma has known for over 30 years they had no jurisdiction." Doc. 1, Pet., at 12. In the section of the petition that inquires about the timeliness of the petition, Ross asserts that his prosecution was illegal because the State lacked jurisdiction and that "issues of subject-matter jurisdiction are never waived and can therefore be raised on a collateral appeal." Doc. 1, Pet., at 13-14. He further asserts that "AEDPA doesn't apply because this case doesn't exist the State had no, no, no jurisdiction to arrest, convict, or sentence [him] to state time." Doc. 1, Pet., at 14.

Pettigrew seeks dismissal of the petition, arguing that Ross failed to file it within the applicable one-year statute of limitations, as provided in 28 U.S.C. § 2244(d)(1), and, in the

alternative, that Ross failed to exhaust available state remedies before filing the petition, as required by 28 U.S.C. § 2254(b)(1)(A). Docs. 9, 10.

### III.

On the record presented, the Court agrees with Pettigrew that Ross's claims are barred by the one-year statute of limitations. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The limitation period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Under some circumstances, the one-year limitation period may commence on later date. *Id.* § 2244(d)(1)(B), (C), (D). Regardless of which provision governs the commencement date, a state prisoner's one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). But the statutory tolling provision applies only if the prisoner properly files an application for postconviction relief or other collateral review in state court within the applicable one-year limitation period. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). In rare circumstances, the one-year limitation period may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Applying § 2244(d)(1)(A), Ross's conviction became final on December 7, 2006, ten days after his sentencing hearing, when the time expired for Ross to move to withdraw his guilty plea. *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea if defendant intends to appeal). Ross's one-year limitation period commenced the next day,

4

December 8, 2006, and, absent any tolling events, expired one year later, on December 10, 2007.[4] *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003). Ross did not file any applications for postconviction relief or other collateral review in state district court between December 8, 2006, and December 10, 2007, and thus cannot benefit from statutory tolling. Doc. 10-2, at 10-11. Because he filed the instant petition on August 4, 2020, more than 12 years after his one-year limitation period expired, the petition is clearly untimely under § 2244(d)(1)(A).

Further, as Pettigrew argues, Ross fails to allege, and thus fails to demonstrate, that his one-year limitation period began at a later date under any other subsection of § 2244(d)(1) or that his circumstances warrant equitable tolling of the one-year limitation period that expired on December 10, 2007.[5] The Court therefore concludes that the claims raised in the petition are untimely and that the petition should be dismissed with prejudice as barred by the one-year statute of limitations.

---

[4] The one-year limitation period would have expired on December 8, 2007, but because that was a Saturday, Ross had until the following Monday, December 10, 2007, to file a timely federal habeas petition. Fed. R. Civ. P. 6(a)(1)(C).

[5] As previously stated, Ross appears to assert in his petition that the AEDPA's statute of limitations does not apply in his case because he is asserting a due-process claim alleging, in light of *McGirt*, that the State lacked subject-matter jurisdiction over his criminal prosecution; Ross does not otherwise address the timeliness of his petition in his response to the motion to dismiss. Doc. 1, Pet., at 13-14; Doc. 12, Resp., at 1-3. Pettigrew, however, addresses the possibility that Ross's references to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *aff'd sub nom Sharp v. Murphy*, 140 S. Ct. 2412 (2020), signify an attempt to invoke application of § 2244(d)(1)(C), § 2244(d)(1)(D), or the doctrine of equitable tolling. Doc. 10, Resp't's Br., at 3-8. Even applying the rule of liberal construction, the Court does not read the petition in the same manner as Pettigrew. Rather, the Court discerns only one argument regarding the timeliness of the petition, namely, Ross's assertion that a challenge to the state court's subject-matter jurisdiction can be raised at any time and thus is not subject to § 2244(d)(1)'s one-year statute of limitations. Doc. 1, Pet., at 13-14. The flaw in that argument is that the plain language of § 2244(d)(1) provides no exception for due-process claims challenging subject-matter jurisdiction.

## IV.

Alternatively, the Court finds that even if Ross could overcome the untimeliness of his claims, Ross concedes, and the record shows, that he failed to exhaust available state remedies as to any of his claims. The AEDPA requires state prisoners to "exhaust available state-court remedies before a federal court can consider a habeas corpus petition." *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement, codified at 28 U.S.C. § 2254(b)(1)(A), requires a state prisoner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This is so because "[s]tate courts, like federal courts, are obliged to enforce federal law." *Id.* at 844. "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review his claim and provide any necessary relief." *O'Sullivan*, 526 U.S. at 844. To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

Ross clearly admits in his petition that he did not exhaust available state remedies as to any of his claims before filing the instant petition. Doc. 1, Pet., at 4-7, 12. And the record supports his admission on this point. Doc. 10-2, at 11. Because Ross has not given Oklahoma courts "the first opportunity to review his claim[s] and provide any necessary relief," *O'Sullivan*, 526 U.S. at 844, the Court finds that even if Ross's claims could be deemed timely, the petition must be dismissed for failure to exhaust available state remedies.

## V.

Based on the foregoing, the Court concludes that Ross failed to file his petition within the

applicable statute of limitations and failed to exhaust available state remedies before filing the petition. The Court therefore grants Pettigrew's dismissal motion, dismisses the petition, with prejudice, as barred by the one-year statute of limitations and, in the alternative, dismisses the petition for failure to exhaust available state remedies. In addition, the Court declines to issue a certificate of appealability because the Court finds that no reasonable jurists would debate the procedural dismissal of the petition on either ground. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Doc. 9) is **granted**.

2. The petition for writ of habeas corpus (Doc. 1) is **dismissed with prejudice** as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations.

3. The petition for writ of habeas corpus (Doc. 1) is, in the alternative, **dismissed** for failure to exhaust available state remedies.

4. A certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

ORDERED this 19th day of April, 2021.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT